**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BILLIE JO ADAMS,<br><br>　　　　　　　Defendant. | Case No. 19-cr-01787-BAS-22<br><br>**ORDER DENYING MOTION TO MODIFY SENTENCE (ECF No. 2056)** |

　　　　The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based on these amendments, Defendant Billie Jo Adams now files a Motion to Modify Sentence. (ECF No. 2056.) The Court referred this case to Federal Defenders for an evaluation. (ECF No. 2058.) Federal Defenders has now filed a status report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 2061.)

At the time of sentencing, the Court calculated Defendant's original guideline range as 235–293 months—based on a base offense level of 33 and a criminal history category of IV. (Sentencing Tr. 14:24–15:5, ECF No. 1945.) Defendant had five criminal history points, but two points were added because she was under a criminal justice sentence. (Presentence Report ¶ 59, ECF No. 1706.) Under the new guidelines, the two points would not have been added and, thus, under the new guidelines, her criminal history category is now III instead of IV. With a base offense level of 33 and a criminal history category of III, Defendant's new guideline range is now 168–210 months.

However, at the original sentencing, the Court departed downward and imposed a sentence of 100 months. (ECF No. 1889.) This 100-month sentence would still be below Defendant's guideline range even after the guideline amendments are applied. Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's

sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 168 months. Since the Court sentenced Defendant to a lower sentence of 100 months, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion to Modify Sentence (ECF No. 2056) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 22, 2024**

Hon. Cynthia Bashant
United States District Judge